United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41364
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS TAPIA

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-172-2

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence

of Jesus Tapia. United States v. Tapia, 115 F. App'x 755, 756

(5th Cir. Dec. 17, 2004). The Supreme Court vacated and remanded

for further consideration in light of United States v. Booker,

543 U.S. 220 (2005). See Muniz-Tapia v. United States, 125 S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ct. 1960 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

Tapia contends that he is entitled to be resentenced because the district court, contrary to the Supreme Court's later holding in Booker, sentenced him under a mandatory application of the United States Sentencing Guidelines. Despite Tapia's argument to the contrary, this court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. See United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Tapia concedes that he cannot make even a showing of plain error, as required by our precedent in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005). Therefore, "[b]ecause plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances . . . cannot be satisfied." Taylor, 409 F.3d at 677. Moreover, our precedent forecloses his arguments that a Booker error is a structural error and that such errors are presumed to be prejudicial. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 194 (2005); see also Mares, 402 F.3d at 520-22.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Tapia's conviction and sentence.

AFFIRMED.